No. 2--04--0706                                                  filed 5/24/06

_____

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lee County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 03--CF--246 |
| GREGORY A. EVANS, | ) ) | Honorable David T. Fritts, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HUTCHINSON delivered the opinion of the court:

Following a bench trial, defendant was convicted of the offense of failing to register as a sex offender (730 ILCS 150/3 (West 2002)), and was sentenced to 18 months' imprisonment. The conviction was based upon defendant's failure to register as a sex offender with the Dixon police department within 10 days of establishing a residence in Dixon in 2003. On appeal, defendant contends that the State failed to prove him guilty of the offense beyond a reasonable doubt. Specifically, defendant argues that the State failed to prove that defendant resided in Dixon for a period of 10 days or more. After a review of the record, we find that the State presented sufficient evidence to establish defendant's residence in Dixon for an aggregate period of 10 days or more and we affirm defendant's conviction.

When considering a challenge to the sufficiency of the evidence, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. People v. Collins, 106 Ill. 2d 237, 261 (1985). The determinations of the weight to be given to the witnesses' testimony, their credibility, and the reasonable inferences to be drawn from the evidence are the responsibility of the fact finder. Collins, 106 Ill. 2d at 261-62.

Section 3(a)(1) of the Sex Offender Registration Act (the Act) (730 ILCS 150/3(a)(1) (West 2002)) imposes a duty upon a sex offender to register "with the chief of police in each of the municipalities in which he or she attends school, is employed, resides or is temporarily domiciled for a period of time of 10 or more days." Section 3(b) of the Act requires the sex offender to register within 10 days of establishing a residence or temporary domicile. 730 ILCS 150/3(b) (West 2002). For purposes of section 3 of the Act, a place of residence or temporary domicile is defined as "any and all places where the sex offender resides for an aggregate period of time of 10 or more days during any calendar year." 730 ILCS 150/3(a) (West 2002). A violation of section 3 of the Act is a Class 4 felony. 730 ILCS 150/10 (West 2002).

We conclude that a rational trier of fact could have found beyond a reasonable doubt that defendant resided in Dixon for an aggregate period of 10 or more days and that he failed to register with the Dixon police department within 10 days of establishing his residence there. The evidence established that defendant was incarcerated in the Lee County jail until October 26, 2003. The State also introduced evidence that defendant established a residence in Dixon following his release from jail. This evidence included the testimony of Adam Koehler, who managed the apartment building located at 805½ W. Third Street in Dixon and lived next door. Koehler testified that defendant's

girlfriend, Mary Grandberry, lived in this building and that defendant moved in with Grandberry on October 26, 2003. Koehler testified that he observed defendant's presence in the building every evening and that defendant was there "all of the time."

Additionally, various officers of the Dixon police department testified that they had numerous contacts with defendant in Dixon during October and November 2003. On October 30, 2003, defendant went to the Dixon police department and indicated that he needed to register as a sex offender because he was living in Dixon at 805½ W. Third Street. On this occasion, however, defendant became upset about an error in a report indicating that he was a sexual predator rather than a sexual offender, and he left the police station without registering. On November 7, 2003, defendant was stopped in his vehicle by a Dixon police officer for driving with a suspended license. At the time of this stop, defendant informed the officer that he lived at 805½ W. Third Street in Dixon and this address was printed on defendant's citation and bond paperwork. On November 9, 2003, the Dixon police department responded to a domestic dispute between defendant and Grandberry at 805½ W. Third Street. Later that day, defendant was again stopped in his vehicle for driving with a suspended license. At this time, defendant told the officer that he had lived in Dixon for the last couple of months. Once again, the 805½ W. Third Street address was printed on defendant's citation. On November 16, 2003, Dixon police responded to another disturbance involving defendant at the 805½ W. Third Street address. On December 8, 2003, defendant registered as a sex offender with the Dixon police department; defendant's registration indicated that he resided at 805½ W. Third Street. From such evidence, we believe that a rational trier of fact could conclude beyond a reasonable doubt that, following his release from jail on October 26, 2003, defendant resided at 805½ W. Third Street in Dixon for an aggregate period of 10 or more days, and

that he failed to register with the Dixon police department within 10 days of establishing his residence there.

In urging reversal, defendant relies upon evidence introduced at trial that he stayed with Grandberry for only a few nights following his release from jail and that he subsequently lived in Chicago. Defendant relies on evidence that he had registered as a sex offender in Chicago on November 3, 2003; that he paid rent for a hotel room in Chicago for the month of November 2003; and that he had an Illinois identification card with a Chicago post office box as an address. Defendant also argues that Koehler's testimony was "tainted by his animosity toward [defendant]." Such arguments are unavailing. Defendant's sex offender registration in Chicago and his rental of a hotel room and post office box in Chicago did not preclude the trial court from concluding that defendant had resided in Dixon for an aggregate of 10 or more days after his release from jail on October 26, 2003, and that he had a duty under section 3 of the Act to register with the Dixon police department. Indeed, section 3(a) of the Act defines residence or temporary domicile as "any and all places" a defendant resides for an aggregate of 10 or more days in a particular calendar year. 730 ILCS 150/3(a) (West 2002). Moreover, section 3(b) imposes a duty to register within 10 days of establishing a residence or temporary domicile "regardless of any initial, prior, or other registration." 730 ILCS 150/3(b) (West 2002). The trial court was in the best position to assess the credibility of the witnesses (Collins, 106 Ill. 2d at 261), and we believe that the trial court could have reasonably concluded based upon the testimony of Koehler and the Dixon police officers that defendant resided in Dixon for 10 or more days in October and November 2003 without registering as required by section 3 of the Act. Accordingly, we affirm defendant's conviction.

For the foregoing reasons, we affirm the judgment of the circuit court of Lee County.

Affirmed.

BOWMAN and GILLERAN JOHNSON, JJ., concur.