# Illinois Official Reports

## Appellate Court

---

### *People v. Jones*, 2017 IL App (1st) 143718

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KEVIN JONES, Defendant-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-14-3718 |
| Rule 23 order filed<br>Motion to publish<br>allowed<br>Opinion filed | June 19, 2017<br><br>July 21, 2017<br>July 31, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-CR-4451; the Hon. Frank G. Zelezinski, Judge, presiding. |
| Judgment | Reversed. |
| Counsel on Appeal | Michael J. Pelletier, Patricia Mysza, and Darren E. Miller, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Mary L. Boland, and Hareena Meghani-Wakely, Assistant State's Attorneys, of counsel), for the People. |

PRESIDING JUSTICE CONNORS delivered the judgment of the court, with opinion.

Justices Simon and Mikva concurred in the judgment and opinion.

## OPINION

¶ 1    Following a bench trial, defendant Kevin Jones was convicted of failing to register weekly at the Robbins police department in violation of the Sex Offender Registration Act (SORA) (730 ILCS 150/3(a) (West 2012)). The trial court sentenced him to three years' imprisonment. Defendant appeals, arguing that the State failed to prove beyond a reasonable doubt both that he was required to register as a sex offender pursuant to SORA and that he lacked a fixed place of residence. For the reasons set forth herein, we reverse the judgment of the trial court.

¶ 2    Defendant was charged with one count of violation of section 6 of SORA (730 ILCS 150/6 (West 2012)) in that, "having been previously convicted of attempt criminal sexual assault under case No. 78-5878, he lacked a fixed residence and failed to report weekly with the Robbins police department." Defendant waived his right to a jury trial, and on October 14, 2014, the case proceeded to bench trial.

¶ 3    Officer Samuel Olloway testified that, on January 2, 2013, he was working as a day-shift sergeant supervisor for the Robbins police department when he learned that a United States Marshal had stopped defendant in Robbins pursuant to an active warrant out of South Montgomery County.[1] Olloway took defendant into custody based on the warrant and transported him back to the Robbins police department. There, defendant was Mirandized and fingerprinted so that Olloway could view defendant's complete criminal background. Olloway learned that defendant was a registered sex offender. Olloway spoke with records department officer Tawasha Walker and inquired into whether defendant was up to date on his sex offender registration. After speaking with Walker, Olloway spoke to defendant, who indicated that he was homeless and unaware that he was required to register weekly. Defendant also indicated to Olloway that he was not up to date with his registration.

¶ 4    On cross examination, Olloway conceded that none of his reports detailed his conversation with defendant and that there was no documentation which indicated that defendant waived his *Miranda* rights.

¶ 5    Officer Tawasha Walker testified that she was employed as a records advisor officer for the Robbins police department. On June 29, 2012, defendant came into the Robbins police department to be registered pursuant to SORA. Walker had registered defendant in the past. Defendant had previously registered as homeless and, on June 29, 2012, did not report a change of this status. Walker went over a SORA registration form with defendant, and defendant initialed next to stipulations regarding an offender's duty to report. Walker explained to him that he was required to register on a weekly basis. Defendant's signature

---

[1] On cross-examination, defense counsel asked Olloway if the warrant was out of "South Montgomery County," to which he answered in the affirmative. When asked where South Montgomery County is located, he answered "I believe it's in Illinois." However, while there is a Montgomery County in Illinois, there in not a South Montgomery County. In its ruling, the trial court noted that the warrant was out of Montgomery County.

appears under paragraph stating "I have read and/or had read to me the above requirements. It has been explained to me and I understand my duty to register on or before July 5th, of 2012." After Walker testified to the contents of defendant's SORA registration form, the State entered the form into evidence.

¶ 6     Defendant did not register or report to the Robbins police department on or after July 5, 2012, and Walker did not receive information about defendant registering with any other police department. Walker tried to contact defendant but was unable to do so. In January of 2013, Walker received an Illinois State Police LEADS notification, which stated that defendant was "overdue for registration." Walker then instructed officers of the Robbins police department, including Olloway, to try to "reach [defendant] so that he could come in and register."

¶ 7     On cross examination, Walker stated that officers from the police department generally "canvas the area" to determine whether a registrant is homeless. She explained that she does not personally go through procedures to verify if a registrant is homeless but that the information provided on the registration is verbally provided by the registrants.

¶ 8     The State then entered into evidence a certified copy of defendant's 1979 conviction for attempted rape, for which he initially received 24 months' probation. Defendant violated this probation and was sentenced to 4 years' imprisonment.[2]

¶ 9     Defendant made a motion for a directed verdict, which the trial court denied. The trial court found defendant guilty of failure to register. Defendant did not file any posttrial motions. On November 13, 2014, the trial court sentenced defendant to three years' imprisonment.

¶ 10    Defendant appeals, arguing that the State failed to prove beyond a reasonable doubt that he had a duty to register under SORA. Alternatively, he argues that the State failed to prove beyond a reasonable doubt that he lacked a fixed place of residence.

¶ 11    As an initial matter, the State argues that defendant has forfeited his claims as he did not raise this issue at trial or in a posttrial motion. However, "when a defendant makes a challenge to the sufficiency of the evidence, his or her claim is not subject to the waiver rule and may be raised for the first time on direct appeal." *People v. Woods*, 214 Ill. 2d 455, 470 (2005).

¶ 12    The due process clause of the fourteenth amendment protects defendants against conviction in state courts except upon proof beyond a reasonable doubt of every fact necessary to constitute the charged crime. *People v. Brown*, 2013 IL 114196, ¶ 48 (discussing U.S. Const., amend. XIV); *Jackson v. Virginia*, 443 U.S. 307, 315-16 (1979). When a court reviews the sufficiency of evidence, it must determine " 'whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt.' " (Emphasis omitted.) *People v. Cunningham*, 212 Ill. 2d 274, 279 (2004) (quoting *Jackson*, 443 U.S. at 318). A reviewing court must decide whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *People v. Lloyd*, 2013 IL 113510, ¶ 42. This means that we must draw all reasonable inferences from the record in favor of the prosecution and that " '[w]e will not reverse a conviction unless the evidence is so improbable, unsatisfactory, or inconclusive

---

[2]In 1979, a person who had committed a sex offense, such as attempted rape, did not have a duty to register as a sex offender. Effective January 1, 1996, SORA imposed a duty to register on any person who had previously committed a sex offense. See *People v. Malchow*, 306 Ill. App. 3d 665, 668 (1999) (explaining the evolution of Illinois laws requiring the registration of sexual offenders).

that it creates a reasonable doubt of defendant's guilt.' " *Id.* (quoting *People v. Collins*, 214 Ill. 2d 206, 217 (2005)).

¶ 13    SORA was designed to aid law enforcement agencies in monitoring the whereabouts of sexual offenders by allowing " 'ready access to crucial information' " about their residency and movements. *People v. Molnar*, 222 Ill. 2d 495, 499 (2006) (quoting *People v. Adams*, 144 Ill. 2d 381, 388 (1991)). The plain language of SORA makes clear that the duty to report as a sex offender follows from the duty to register as a sex offender: If one is not required to register as a sex offender, then one does not have a duty to report. 730 ILCS 150/10 (West 2012) ("Any person who is required to register under [SORA] who violates any of the provisions of [SORA] *** is guilty of a Class 3 felony.").

¶ 14    Section 3(a) of SORA imposes upon sex offenders and sexual predators the duty to register with the chief of police or sheriff in the jurisdiction where they reside. 730 ILCS 150/3(a) (West 2012). Section 7 of SORA states that sex offenders who have not been adjudicated to be sexually dangerous, and who are not also labeled sexual predators, are required to register for a period of 10 years after conviction or adjudication "if not confined to a penal institution, hospital or any other institution or facility, and if confined, for a period of 10 years after parole, discharge or release from any such facility." [3] 730 ILCS 150/7 (West 2012). Section 7 also states that "[r]econfinement due to a violation of parole, a conviction reviving registration, or other circumstances that do not relate to the original conviction or adjudication shall toll the running of the balance of the 10-year period of registration, which shall not commence running until after final parole, discharge, or release." *Id.*

¶ 15    Section 6 imposes on those required to register a duty to report periodically to the law enforcement agency with whom they last registered. 730 ILCS 150/6 (West 2012). "Any person who lacks a fixed residence" is required to report weekly. *Id.* "In order to sustain a conviction under section 6 of [SORA], the State must generally prove that (1) defendant was subject to the reporting requirements under [SORA], and (2) defendant knowingly failed to report in person at the requisite reporting agency." *People v. Brock*, 2015 IL App (1st) 133404, ¶ 21; see 730 ILCS 150/6 (West 2012).

¶ 16    Defendant acknowledges that he "at one time had a 10-year registration requirement starting on September 4, 1979, the date when he was convicted of attempt rape." See 730 ILCS 150/2(B)(1), (B)(2) (West 2012) (labeling attempted criminal sexual assault, and "any former law of this State substantially equivalent to" it, a sex offense, a perpetrator of which is labeled a sex offender); 730 ILCS 150/7 (West 2012) (providing that sex offenders must register for 10 years). He also does not dispute that he did not register or report after June 29, 2012. He argues, however, that the State did not prove that he "was still required to register on January 2, 2013, the date of the alleged violation," long after the 10-year period expired on September 4, 1989.

¶ 17    The State agrees that defendant was subject to a 10-year registration requirement commencing on September 4, 1979. However, it explains that the 10-year registration period extended beyond September 4, 1989, and encompassed the time period between July 5, 2012,

---

[3]A person who is convicted of attempted criminal sexual assault after July 1, 1999, is labeled a "sex offender" as well as a "sexual predator." 730 ILCS 150/2(E)(1) (West 2012). As defendant was convicted of attempted rape in 1979, he is labeled only as a "sex offender." 730 ILCS 150/2(A)(1)(a), (B)(1) (West 2012). Sexual predators, as well as offenders who have been adjudicated as "sexually dangerous" or "sexually violent" are required to register for life. 730 ILCS 150/7 (West 2012).

and defendant's arrest on January 2, 2013, because the period was tolled by defendant's continuous confinement following his 1979 conviction.[4]

¶ 18    We note that, while the indictment in the record charges defendant with failure to report weekly under section 6 of SORA (730 ILCS 150/6 (West 2012)), he was convicted of failure to report weekly under section 3(a) of SORA (730 ILCS 150/3(a) (West 2012)). Both sections of SORA require a defendant with no fixed residence to report to the police station once a week. 730 ILCS 150/3(a) (West 2012) ("Any person who lacks a fixed residence must report weekly, in person, with the sheriff's office of the county in which he or she is located in an unincorporated area, or with the chief of police in the municipality in which he or she is located."); 730 ILCS 150/6 (West 2012) ("Any person who lacks a fixed residence must report weekly, in person, to the appropriate law enforcement agency where the sex offender is located.").

¶ 19    This court recently explained in *People v. Wlecke*, 2014 IL App (1st) 112467, ¶ 37, "[t]he plain language of [SORA] therefore requires a person who lacks a 'fixed residence,' to 'register' his address by simply reporting and notifying the agency of jurisdiction that he lacks a 'fixed residence' and to report weekly thereafter." (Emphasis omitted.) See 730 ILCS 150/3(a) (West 2012). As both sections require persons who lack a fixed address to report to a police station weekly, defendant's conviction under section 3(a), based on the trial court's finding that he failed to register, *i.e.*, report, did not violate his right to due process, even though the indictment cites section 6 for his failure to report. See *People v. Roe*, 2015 IL App (5th) 130410, ¶ 13 (no due process violation where the defendant was convicted of a SORA violation with which he was not specifically charged; the charged SORA violation dealt with the same culpable act as the conviction and, therefore, did not mislead the defendant in making his defense or expose him to double jeopardy).

¶ 20    On appeal, to rebut defendant's assertion that it failed to prove that defendant was required to register at the time of the instant offense, the State details how, before the end of his probation term, defendant was arrested in connection with a murder. Defendant was convicted of murder and, on January 21, 1981, was sentenced to 21 years' imprisonment. Subsequently, defendant was convicted of a violation of probation in the 1979 attempted rape case and sentenced to 4 years' imprisonment. While imprisoned, defendant was twice convicted of aggravated battery; on November 9, 1995, he was sentenced to 8 years' imprisonment, and on June 11, 1999, he was sentenced to 5 years' imprisonment. He was ultimately released from Department of Corrections' custody on October 23, 2003.

¶ 21    This information arguably could have been used to prove that defendant still had a duty to register and report on July 5, 2012, given the fact that a sex offender's duty to register is tolled by confinement. See 730 ILCS 150/7 (West 2012). However, as defendant points out, none of this information was presented by the State at trial. A challenge to the sufficiency of the evidence is not a question of what the State could have proved at trial; it is a question of what the State actually proved at trial.

---

[4]Information regarding defendant's convictions and custody status following his attempted rape conviction can be found in defendant's presentence investigation report, and defendant's Illinois Department of Corrections Inmate Status Sheet. See *People v. Steward*, 406 Ill. App. 3d 82, 93 (2010) ("This court may take judicial notice of Department of Corrections records because they are public documents."). However, this information was not adduced at trial.

¶ 22    We find that the evidence adduced at trial was insufficient to prove beyond a reasonable doubt that defendant was still subject to the reporting requirements of SORA nearly 33 years after his underlying conviction for attempted rape from 1979. The State failed to provide any information regarding when or if defendant's registration period was tolled due to reconfinement. Officer Walker testified that she registered defendant on June 29, 2012, and had done so in the past but provided no explanation as to why defendant's underlying felony, listed on his SORA form as a conviction for attempted rape on February 16, 1981, required him to register on July 5, 2012.[5] Even viewing the evidence in the light most favorable to the State, we find that no rational trier of fact could have found that defendant was still subject to the reporting requirements of SORA. Where a sex offender's duty to register has been tolled by imprisonment or extended by a subsequent conviction, the State should provide evidence of such at trial. It failed to do so here.

¶ 23    As we hold that the State failed to prove beyond a reasonable doubt that defendant was required to register, an essential element of a violation of SORA, we need not address defendant's remaining claims.

¶ 24    For the foregoing reasons, we reverse defendant's conviction.

¶ 25    Reversed.

---

[5]Further, the information provided on this form is inaccurate, as defendant was convicted of attempted rape in 1979. This inaccuracy underscores that testimony regarding the contents of a SORA form, or information provided by defendant on a SORA form, may be insufficient to prove that a defendant was required to register under SORA.