2020 IL App (1st) 181213-U

SIXTH DIVISION
June 12, 2020

No. 1-18-1213

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 CR 11213 |
| | ) | |
| LOYDELL ROBERSON, | ) | Honorable |
| | ) | Mary Margaret Brosnahan, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

PRESIDING JUSTICE MIKVA delivered the judgment of the court.
Justices Connors and Harris concurred in the judgment.

**ORDER**

¶ 1 *Held*: Defendant's conviction for failure to register in violation of the Sex Offender Registration Act is reversed because the State failed to prove beyond a reasonable doubt that he was under a duty to register as a sex offender nearly 40 years after his conviction for the underlying offense.

¶ 2 Following a bench trial, defendant Loydell Roberson was convicted of failing to register under the Sex Offender Registration Act (SORA) (730 ILCS 150/6 (West 2016)) and sentenced to 42 months in prison. On appeal, Mr. Roberson contends that the State failed to prove him guilty beyond a reasonable doubt because the State did not prove that he was required to register as a sex

offender pursuant to SORA. For the reasons set forth herein, we agree and reverse the judgment of the trial court.

¶ 3                                                    I. BACKGROUND

¶ 4       Mr. Roberson was charged by indictment with one count of violating section 6 of SORA between November 3, 2016, and July 11, 2017, "in that he, having been previously convicted of rape under *** number 746824, lacked a fixed residence and knowingly failed to report weekly, in person, to the Chicago police department." 730 ILCS 150/6 (West 2016). The indictment stated that the State sought to increase the penalty for the offense to a Class 2 felony based on Mr. Roberson's previous conviction for failure to register in case No. 12 CR 01656.

¶ 5       At trial, Detective Dustin Scholtes testified that, on October 26, 2016, he was working in the criminal registration unit when Mr. Roberson reported to complete his weekly registration. Detective Scholtes explained that persons without a fixed address are required to register once per week and persons with a fixed residence register every 90 days. The State introduced Mr. Roberson's registration form. When Mr. Roberson came in, Detective Scholtes asked him whether any information had changed, and Mr. Roberson said it had not. The form listed Mr. Roberson's responsibilities as a registrant, and Mr. Roberson initialed each one. The form stated that Mr. Roberson had to report back to the Chicago Police Department by November 2, 2016. Mr. Roberson signed the form in Detective Scholtes's presence. The State also presented a form, signed by Mr. Roberson, stating that he did not have a fixed address. This form was dated August 29, 2016, and contained an affidavit, initialed by Mr. Roberson, that he was registering as homeless, did not have a fixed address, and had to register once per week. The form contained a log that was signed by Mr. Roberson and initialed by the officer or detective who registered him each week he came in. The form indicated that Mr. Roberson had reported every seven days in September. The

last date on the form was October 26, 2016, when it was signed by Mr. Roberson and initialed by Detective Scholtes.

¶ 6    Detective Scholtes gave Mr. Roberson a copy of his registration, filled out a log, and uploaded the registration form into the computer system. He did not register Mr. Roberson after October 26, 2016, and logs indicated that Mr. Roberson did not register between November 3, 2016 and July 11, 2017.

¶ 7    Detective Johnnie Mentor-Edwards testified that she was assigned to Mr. Roberson's case for his failure to register as a sex offender. Detective Mentor-Edwards spoke with Mr. Roberson in the emergency room at Roseland Hospital on July 11, 2017. He was in police custody at that time. Mr. Roberson told Detective Mentor-Edwards that he was homeless and did not register because he had been in the hospital and missed his registration date. He said he had been living with his wife and stepchildren for approximately six months, at an address which he provided. He said he did not register after he missed his registration date because he was afraid of being arrested. Detective Mentor-Edwards spoke with Mr. Roberson's wife, who confirmed he was living with her at the address he had provided.

¶ 8    The State presented a certified copy of disposition stating that Mr. Roberson was charged with rape in 1974. He was found guilty in 1977 and sentenced to a term of 25 to 40 years in the Illinois Department of Corrections. The State rested, and the defense made a motion for a directed verdict. The court denied the motion and the defense rested.

¶ 9    In announcing its decision, the court reviewed case law and pointed out that the statute required individuals lacking a fixed address to report weekly. The court noted that once an individual obtains a permanent residence, he must report that during the weekly report to change the nature of the reporting. Based on the testimony, the court found that Mr. Roberson was required

but failed to register weekly for a significant period of time and entered a finding of guilty. Counsel did not file a post-trial motion.

¶ 10    Following a hearing, the court sentenced Mr. Roberson to 42 months in prison. The court denied Mr. Roberson's motion to reconsider the sentence.

¶ 11                                    II. JURISDICTION

¶ 12    Mr. Roberson's motion to reconsider was denied on May 1, 2018, and he timely filed his notice of appeal that same day. We have jurisdiction pursuant to article VI, section 6 of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6), and Illinois Supreme Court Rules 603 (eff. Feb. 6, 2013) and 606 (eff. Dec. 11, 2014), governing appeals from final judgments of conviction in criminal cases.

¶ 13                                    III. ANALYSIS

¶ 14    On appeal, Mr. Roberson contends that the State failed to prove beyond a reasonable doubt that he failed to comply with SORA where the State did not present evidence that he had a duty to register.

¶ 15    The standard of review on a challenge to the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Beauchamp*, 241 Ill. 2d 1, 8 (2011); *People v. Wheeler*, 226 Ill. 2d 92, 114 (2007). This standard applies to all criminal cases, whether the evidence is direct or circumstantial. *People v. Herring*, 324 Ill. App. 3d 458, 460 (2001). It is up to the trier of fact to determine the witness's credibility, the weight given to their testimony, to resolve conflicts in the evidence, and to draw all reasonable inferences from the evidence. *People v. Ortiz*, 196 Ill. 2d 236, 259 (2001). All reasonable inferences must be allowed in favor of the State. *People v. White*, 2017 IL App. (1st) 142358, ¶ 14. While we will

4

consider all of the evidence, we will not retry the defendant on appeal. See *Wheeler*, 226 Ill. 2d at 117; *People v. Evans*, 209 Ill. 2d 194, 209 (2004). Accordingly, we will not overturn a conviction unless the evidence is so unreasonable, improbable, or unsatisfactory that it raises a reasonable doubt of the defendant's guilt. *People v. Brown*, 2013 IL 114196, ¶ 48; *People v. Lloyd*, 2013 IL 113510, ¶ 42.

¶ 16    SORA was designed to aid law enforcement agencies in monitoring the whereabouts of sexual offenders by allowing " 'ready access to crucial information' " about their residency and movements. *People v. Molnar*, 222 Ill. 2d 495, 499 (2006) (quoting *People v. Adams*, 144 Ill. 2d 381, 388 (1991)). Under SORA, persons convicted of a criminal sexual offense are required to register with the police or other law enforcement authority in whatever jurisdiction the offender resides. 730 ILCS 150/3(a) (West 2016). Under section 6 of SORA, "any person who lacks a fixed residence must report weekly, in person, to the appropriate law enforcement agency where the sex offender is located." 730 ILCS 150/6 (West 2016). "In order to sustain a conviction under section 6 of [SORA], the State must generally prove that (1) [the] defendant was subject to the reporting requirements under [SORA], and (2) [the] defendant knowingly failed to report in person at the requisite reporting agency." (Internal quotation marks omitted.) *People v. Jones*, 2017 IL App (1st) 143718, ¶ 15; see 730 ILCS 150/6 (West 2016).

¶ 17    SORA requires a person convicted of certain sex offenses prior to July 1, 1999, to register for 10 years following his or her release from prison and extends that to a requirement that the person register for life if the person is convicted of a felony after July 1, 2011. *People v. James*, 2019 IL App (1st) 170594, ¶ 12. Section 7 of SORA states that "[r]econfinement due to a violation of parole, a conviction reviving registration, or other circumstances that do not relate to the original conviction or adjudication shall toll the running of the balance of the 10-year period of registration,

which shall not commence running until after final parole, discharge, or release." 730 ILCS 150/7 (West 2016).

¶ 18    We have held that "[w]here a sex offender's duty to register has been tolled by imprisonment or extended by a subsequent conviction, the State should provide evidence of such at trial." *People v. Jones*, 2017 IL App (1st) 143718, ¶ 22 Thus, the state must introduce, at a minimum, prison release dates and dates of confinement. *People v. James*, 2019 IL App (1st) 170594, ¶ 13. Evidence of the original sentence for a pre-1999 sexual offense without a release date is insufficient to establish a duty to report. *Id.*

¶ 19    Mr. Roberson argues that evidence of a pre-1999 sexual assault conviction and evidence that both the police and Mr. Roberson believed that he was required to register is insufficient to sustain his conviction. In support of this argument, Mr. Roberson relies on this court's decisions in *James* and *Jones*.

¶ 20    In *James*, this court found the State failed to prove beyond a reasonable doubt that the defendant was subject to the reporting requirements of SORA where the only evidence the State presented of the defendant's criminal history was of a 1996 conviction for attempted aggravated criminal sexual assault, for which the defendant received a 10-year prison sentence. 2019 IL App (1st) 170594, ¶ 14. The State did not provide information regarding when the defendant was released, evidence that his registration period was extended or tolled, or evidence that he committed a felony after July 1, 2011, which would have mandated lifetime registration. *Id.* In *Jones*, we found the evidence was insufficient to prove a registration duty where the State proved only that the defendant had a prior conviction for a 1979 attempted rape. 2017 IL App (1st) 143718, ¶¶ 15-16.

¶ 21    In this case, even after viewing the evidence in the light most favorable to the prosecution,

it was insufficient to prove beyond a reasonable doubt that Mr. Roberson was still subject to the reporting requirements of SORA nearly 40 years after his pre-1999 conviction for rape. Although the State presented evidence of Mr. Roberson's underlying conviction and 1977 sentence, it failed to provide any information regarding when Mr. Roberson was released or when his registration period began. See *James*, 2019 IL App (1st) 170594, ¶ 14. The State did not introduce any information regarding whether Mr. Roberson's registration period was tolled due to reconfinement. *Id.*; *Jones*, 2017 IL App (1st) 143718, ¶ 22. Further, the State failed to present any evidence at trial that Mr. Roberson was convicted of a felony after July 1, 2011, that would have triggered a duty to report. See *James*, 2019 IL App (1st) 170594, ¶ 14. While Detective Scholtes testified that he registered Mr. Roberson on October 26, 2016, he provided no explanation as to why Mr. Roberson's underlying conviction required him to register on that date.

¶ 22    The State points to Mr. Roberson's own statements and signature on the registration form as evidence that he knew that he was required to register. But, as we recognized in *James*, a defendant's belief that he was required to register is not proof that he is actually required to do so. 2019 IL App (1st) 170594, ¶ 16. The State relies on *People v. Scott*, 2017 IL App (4th) 150529, where the court found that by registering as "homeless," the defendant acquiesced to the weekly reporting requirement for people who lack a fixed residence. *Id.* ¶ 25. In *Scott*, however, the court said nothing about relying on the defendant's own statements. Instead it held that the State was not required to prove that the defendant lacked a fixed residence, since that was not an element of a SORA violation. *Id.* ¶ 26. Moreover, a SORA defendant would have personal knowledge as to whether he was homeless but would not necessarily be aware of the intricacies of the SORA reporting requirements.

¶ 23    We are also not persuaded by the State's argument that, "unlike in *James* or *Jones*, there

7

was information in the record that, as a matter of law, obligated [Mr. Roberson] to register in SORA." The State points to the indictment as a source of this information in the record. The State argues that the indictment shows that Mr. Roberson "was charged as a Class 2 felon as he had been convicted of a prior felony failure to register conviction, 12 CR 10656," and that this conviction would have retriggered Mr. Roberson's registration requirement. An indictment, however, "is not any evidence against the defendant" (Ill. Pattern Jury Instruction, Criminal 2.02 (West 2020)), and the State failed to introduce any evidence of this conviction at Mr. Roberson's trial.

¶ 24    Finally, we reject the State's argument that this court should take judicial notice of information not contained in the record, including records from the Illinois Department of Corrections's (IDOC) website. "[I]ntroducing a fact for judicial notice on appeal *** does not relieve the State of its burden to prove each element of the offense *at trial*." (Emphasis in original.) *People v. Clark*, 406 Ill. App. 3d 622, 634 (2010); see also *James*, 2019 IL App (1st) 170594, ¶ 15 (refusing the State's request to take judicial notice of IDOC records on appeal, which "w[ere] not properly presented as evidence at trial"); *Jones*, 2017 IL App (1st) 143718, ¶¶ 21-22 (holding that the State cannot present additional evidence on appeal to prove that a defendant still had a duty to register under SORA). "A challenge to the sufficiency of the evidence is not a question of what the State could have proved at trial; it is a question of what the State actually proved at trial." *Jones*, 2017 IL App (1st) 143718, ¶ 21. Here, we find that the evidence adduced at trial was insufficient to prove beyond a reasonable doubt that Mr. Roberson was still subject to the reporting requirements of SORA nearly 40 years after his underlying conviction for rape.

¶ 25                          IV. CONCLUSION

¶ 26    For the reasons stated, we reverse Mr. Roberson's conviction.

¶ 27    Reversed.