THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MACK HARRIS, a/k/a Cortillas Harris, Defendant-Appellant.

First District (6th Division)   No. 1—01—3394

Opinion filed August 23, 2002.

Rita A. Fry, Public Defender, of Chicago (Michael Davidson, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, James E. Fitzgerald, and William L. Toffenetti, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Following a bench trial, defendant Mack Harris was convicted of two counts of violating the duty-to-register provision of the Sex Offender Registration Act (Act) (730 ILCS 150/6 (West 2000)): (1) by failing to notify the Chicago police department of a change in address within 10 days; and (2) by failing to report to the police within one year of registering as a sex offender. He was sentenced to probation

for 12 months with the condition that he obtain a State identification card, social security card and register his address. We find the State failed to prove defendant guilty beyond a reasonable doubt. We reverse defendant's convictions.

## BACKGROUND

Officer Davis, from the Chicago police department, testified that on April 11, 2001, he observed the defendant smoking a cigarette on the Chicago Transit Authority (CTA) Rapid Transit platform at 303 West 63rd Street. Officer Davis wrote defendant a citation for violating the ordinance that prohibits smoking on the train platform. Defendant gave his home address as 6040 South Harper. After checking defendant's name by computer, Officer Davis and his partner took defendant into custody. Area 1 detectives from the sex offender registration unit were contacted.

Detective Redfield from the sex offender registration unit testified that defendant's registration card from August 2, 2000, indicated he resided at 1939 West 59th Street. Detective Redfield further testified that after advising defendant of his *Miranda* rights, she had a conversation with defendant on April 11, 2001. When she asked defendant where he was living, "He stated that he was currently living at 6040 South Harper, apartment 909 and he had been staying there over a month." When asked what she had done to corroborate this information, she stated that she contacted the probation unit and was told that defendant had been staying at 6040 South Harper "for some time."

Officer Karadjias from the sex offender registration unit testified that defendant reported to his unit on August 2, 2000, filled out a sex offender registration form and gave his address as 1939 West 59th Street. As of the date when Officer Karadjias testified, July 25, 2001, defendant had not returned to register.

It was stipulated by the State and defense that on February 8, 1996, defendant was convicted of aggravated criminal sexual assault in case number 95 CR 13498.

The trial court found defendant guilty of both counts for violating the duty-to-register provision of the Sex Offender Registration Act (730 ILCS 150/6 (West 2000)). Regarding count I of the indictment, defendant contends on appeal that the State violated the *corpus delicti* rule in that the State failed to prove defendant guilty beyond a reasonable doubt because the only evidence of defendant's change in address was his uncorroborated statement to the police. Under count II of the indictment, the defendant contends that the State's evidence was insufficient to prove that he failed to report to the police within one year of registering as a sex offender.

## I. SHOULD CORROBORATION COMPONENT OF *CORPUS DELICTI* RULE BE ELIMINATED?

Defendant argues that he was not proven guilty beyond a reasonable doubt because his conviction under count I of the indictment was based on an uncorroborated confession, in violation of the *corpus delicti* rule. We note there is no contention by the defendant that the incriminating statement made to the police was involuntary. The State, relying on *People v. Schott*, 145 Ill. 2d 188 (1991), argues that the only standard of review to be employed in a challenge to the sufficiency of the evidence is whether, when considering all of the evidence in the light most favorable to the State, a rational fact finder could have found all of the elements of the offense proved beyond a reasonable doubt. The State contends that the corroboration component of the *corpus delicti* rule is inconsistent with that standard of review and should be eliminated.

■ To sustain a conviction, the State must prove the following: (1) a crime occurred, *i.e.*, the *corpus delicti*; and (2) the crime was committed by the person charged. *People v. Cloutier*, 156 Ill. 2d 483, 503 (1993). In a case where the defendant's confession or admission is part of the proof of the *corpus delicti*, the State must also provide corroborating evidence independent of the defendant's confession or admission. *Cloutier*, 156 Ill. 2d at 503. In providing corroborating evidence under the *corpus delicti* rule:

"[I]f the independent evidence tends to prove that an offense occurred, then such evidence, if corroborative of the facts contained in the confession, may be considered along with the confession in establishing the *corpus delicti*. In such event, the independent evidence need not establish beyond a reasonable doubt that an offense did occur." *People v. Willingham*, 89 Ill. 2d 352, 361 (1982).

In support of the State's argument that the corroboration component of the *corpus delicti* rule should be eliminated, the State relies on *People v. Dalton*, 91 Ill. 2d 22 (1982), which we find distinguishable. In *Dalton*, the defendant was charged with indecent liberties with a child. The defendant argued that his age was an element of the *corpus delicti* of indecent liberties with a child and, therefore, the State was required to produce evidence corroborating defendant's statement to the police as to his age. As in this case, the State in *Dalton* contended that corroboration under the *corpus delicti* rule should be abandoned. In support of eliminating the corroboration component of the *corpus delicti* rule, the State in *Dalton* argued that a defendant's admission of his age is an inherently reliable statement and is, therefore, admissible to establish *corpus delicti* without corroboration. *Dalton*, 91 Ill. 2d at 28.

Regarding the corroboration component of the *corpus delicti* rule, the *Dalton* court noted as follows:

"The corroboration rule was the result of an historical mistrust of extrajudicial confessions. Two reasons for this mistrust have commonly been cited: confessions are unreliable if coerced; and, for various psychological reasons persons 'confess' to crimes that either have never occurred or for which they are not legally responsible. [Citations.] Although the rule has been criticized and its elimination urged [citations], we remain unconvinced that it should be completely abandoned." *Dalton*, 91 Ill. 2d at 29-30, citing *Willingham*, 89 Ill. 2d at 358.

Whether the statement by the defendant regarding his age was admissible without corroboration, the court in *Dalton* noted:

"An admission of one's birth date is not subject to the peculiar perceptions or recollections of a defendant who is under the psychological pressures of an arrest or indictment. [Citation.] It appears to be inherently more reliable than a statement of what one did, or saw, or heard, or thought because it is a statement of an immutable characteristic. In this regard it is much more similar to personal characteristics such as fingerprints, handwriting, blood type or voice pattern. Unlike these latter characteristics, which might tend to prove an element of a crime, in this case, the characteristic itself, without more, is an element of the crime. We do not believe that this distinction requires application of the corroboration rule. Accordingly we hold that the statement was admissible without corroboration." *Dalton*, 91 Ill. 2d at 30.

In this case, defendant was charged in count I with failing to register a change of address within 10 days as required by the Sex Offender Registration Act (730 ILCS 150/6 (West 2000)). Specifically, count I of the indictment alleged that defendant "having been previously convicted of aggravated criminal sexual assault under case number 95 CR 13498 in 1996 and, thus, required to register under the Sex Offender Registration Act, changed his residence address and failed to report in writing to the law enforcement agency with whom he last registered, to wit: the Chicago Police Department, within 10 days of such change of address." To sustain a conviction for a violation of section 6 of the Sex Offender Registration Act the State was required to prove the following: (1) defendant was previously convicted of aggravated criminal sexual assault; (2) defendant changed his residence address; (3) defendant failed to report the change; (4) in writing to the Chicago police department; (5) within 10 days of such change of address. See 730 ILCS 150/6 (West 2000).

We further note that each element of the alleged violation of the Act is required to be proved beyond a reasonable doubt. *Jackson v.*

*Virginia,* 443 U.S. 307, 316, 61 L. Ed. 2d 560, 571, 99 S. Ct. 2781, 2787 (1979). Changing the residence address and residing at the new address in excess of 10 days are two of the five elements the State is required to prove beyond a reasonable doubt to sustain a conviction against defendant for violation of the Act. Under the terms of the Act, a sex offender has 10 days to report a change in residence address. Failure to report the change within 10 days is a violation of the Act. Therefore, a change in defendant's residence address and the amount of time he resided at the new address are critical elements for the State to prove to sustain a conviction for violation of the Act. The statements made by the defendant were offered by the State to prove both of these elements.

We note that defendant's statement regarding his change in residence address is a statement regarding what defendant did, namely, change residences. Moreover, the statement by defendant as to how long he resided at the address he gave to the police is also a statement of what he did. The *Dalton* court distinguished a statement by a defendant regarding what he did from a statement by a defendant regarding his age. The *Dalton* court found a statement by a defendant regarding his age to be inherently more reliable than a defendant's statement of what he did because it was a statement of an immutable characteristic. *Dalton,* 91 Ill. 2d at 30. Although age was an element of the *corpus delicti* of indecent liberties with a child, *Dalton* did not require corroboration for defendant's statement as to his age because such a statement of an immutable characteristic was inherently reliable. *Dalton,* 91 Ill. 2d at 29. As the *Dalton* court recognized, unlike a defendant's statement regarding his age, a defendant's statement of what he did is not inherently reliable because it is not a statement of an immutable characteristic but, rather, is a statement subject to the peculiar perceptions or recollections of a defendant. *Dalton,* 91 Ill. 2d at 30.

We conclude, in the factual context of this case, that defendant's statement regarding a change of residence address and his statement as to how long he resided at the new address are not statements regarding immutable characteristics but, rather, statements regarding what defendant did and as such are subject to the peculiar perceptions or recollections of the defendant. Such statements involve admissions by the defendant as to what he did and, unlike an admission regarding age, are not inherently reliable. See *Dalton,* 91 Ill. 2d at 29-30. We reject the State's request to eliminate the corroboration component of the *corpus delicti* rule, as the incriminating statements made by defendant and relied upon by the State to sustain defendant's conviction under count I are neither inherently reliable nor statements of

immutable characteristics. Here, the defendant's confession or admissions are part of the proof of the *corpus delicti*. We, therefore, hold the State must provide corroborating evidence independent of the defendant's admission regarding the new address where he was currently living and independent of defendant's admission as to how long he had been staying at the new address.

As previously noted, that corroborating evidence need not establish the *corpus delicti* beyond a reasonable doubt. *Willingham*, 89 Ill. 2d at 359. The independent evidence need not establish beyond a reasonable doubt that an offense occurred; however, if it is corroborative of the facts contained in the confession, the independent evidence may be considered together with the confession in proving the *corpus delicti*. *Willingham*, 89 Ill. 2d at 361. Under the facts of this case, for the reasons previously discussed, we decline the State's invitation to eliminate the corroboration component of the *corpus delicti* rule.

## II. WAS CORROBORATION COMPONENT OF *CORPUS DELICTI* RULE SATISFIED?

■ We next address whether the record reflects evidence corroborating the defendant's confession or admissions against interest. As previously noted, the State argued that we should eliminate the corroboration requirement of the *corpus delicti* rule. However, alternatively, the State argues that were we to apply the corroboration component of the *corpus delicti* rule, the defendant's conviction should be affirmed because there was sufficient independent evidence corroborating the defendant's confession or admissions against interest. Evidentiary rulings are within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. *People v. Caffey*, 205 Ill. 2d 52, 89 (2001).

Detective Redfield testified that after advising defendant of his *Miranda* rights, defendant told her on April 11, 2001, "that he was currently living at 6040 South Harper, apartment 909 and he had been staying there over a month." Detective Redfield further testified that a registration document prepared by the police with defendant on August 2, 2000, indicated that defendant resided at 1939 West 59th Street. Defendant argues that defendant's statement to Detective Redfield providing evidence of an unreported or unregistered change of address within 10 days was insufficient to support a conviction because there was no corroboration of defendant's alleged confession or admission to residing at a new address for over a month.

The record does reflect evidence corroborating defendant's confession. However, that independent evidence relied upon by the State to corroborate the facts contained in defendant's confession or admis-

sions does not satisfy the *corpus delicti* rule. The evidence relied upon by the State was neither competent nor admissible. We are mindful that the independent corroborating evidence need not establish beyond a reasonable doubt that an offense did occur. *Willingham*, 89 Ill. 2d at 361. Here, the evidence relied upon by the State that tends to corroborate the confession is the testimony of Detective Redfield regarding her conversation with the probation unit.

Detective Redfield testified that she corroborated defendant's failure to register his change of address within 10 days by contacting the probation unit. However, Detective Redfield testified that "the parole officer was not available" so she "talked to a person." Detective Redfield testified regarding the substance of the conversation about defendant that "those persons" told her "that he had been living at 6040 South Harper, number 909 for some time." The trial judge found this testimony was admissible as evidence to corroborate the defendant's confession.

The expression "for some time" is subject to various interpretations. Failure to report the change in address within 10 days is a violation of the Act. The amount of time defendant resided at the new address without reporting the change in address is a critical element for the State to prove to sustain a conviction for violation of the Act. The defendant's admission regarding how long he had been staying at the new address is part of the proof of the *corpus delicti*. As such, the State was required to provide corroboration for the amount of time defendant admitted he lived at the new address. The expression "for some time" is too vague to provide factual corroboration for the defendant's statement as to how long he lived at the new address.

Moreover, the totality of the testimony offered by Detective Redfield regarding her conversation with "those persons" from the probation unit who told her defendant had been living at 6040 South Harper for some time is not competent admissible evidence. Detective Redfield's testimony lacks the proper foundation, which is fundamental for purposes of admitting the substance of a conversation into evidence. *Caffey*, slip op. at 25. The record fails to reflect the basic foundation requirements for oral conversations including where and when the conversation took place, who was present, and who was speaking.

From the record it is unclear whether Detective Redfield's conversation was person to person or by telephone. We note, as a prerequisite of the proper foundation for a telephone conversation, the witness must identify the speaker on the other end of the telephone. "Testimony as to a telephone conversation between a witness and another person is inadmissible in the absence of a claim by the wit-

ness that he or she knows the other person or can identify the person's voice or other corroborative circumstances from which the caller can be identified as the person who talked to the witness." *Caffey*, 205 Ill. 2d at 94-95, citing 2 J. Strong, McCormick on Evidence § 226, at 52 (5th ed. 1999). Identification of the person speaking to Detective Redfield was not established by name, by previous knowledge, either in person or by phone, by content of the conversation, or in any other manner. Introducing conversations into evidence is common during trials. However, to be admissible, conversations require proper foundation. *Caffey*, 205 Ill. 2d at 94.

At issue is the proper foundation for an oral conversation. In a bench trial it is presumed that the trial judge considered only competent evidence in reaching a decision. *People v. Juarbe*, 318 Ill. App. 3d 1040, 1056 (2001). However, here the trial judge specifically indicated that he relied on the testimony from Detective Redfield regarding her conversation with the probation unit for purposes of corroborating defendant's confession. That testimony was first elicited by defense counsel during cross-examination. We note it is proper on cross-examination to develop circumstances that explain, qualify, discredit or destroy the direct testimony of the witness. *People v. Williams*, 66 Ill. 2d 478, 486 (1977). During cross-examination regarding whether the defendant's confession was corroborated, defense counsel asked the following:

"DEFENSE COUNSEL: Was there anything that you did to verify this confession of his or to corroborate it?

DETECTIVE REDFIELD: No, not at the time, no.

DEFENSE COUNSEL: Well, I mean a subsequent time?

DETECTIVE REDFIELD: Subsequent time I learned that he was on—

DEFENSE COUNSEL: What did you do to corroborate or to show that his confession was accurate?

THE STATE: Judge, I'm renewing my objection. It's going beyond the scope about what she's doing at a subsequent time.

THE COURT: She may answer if she corroborated it in any way.

DETECTIVE REDFIELD: The person stated that he was on a home monitoring device. And when I contacted the probation unit—

DEFENSE COUNSEL: Let me stop you right there. So you talked to the parole or probation officer?

DETECTIVE REDFIELD: I talked to a person because the parole officer was not available.

DEFENSE COUNSEL: And that's how you learned additional information?

DETECTIVE REDFIELD: Yes.

DEFENSE COUNSEL: From what somebody had told you, is that correct?

DETECTIVE REDFIELD: Yes.

DEFENSE COUNSEL: No further questions."

The purpose of defense counsel's cross-examination of Detective Redfield was to demonstrate the lack of corroboration for defendant's confession or admissions against interest. Defense counsel established through cross-examination that Detective Redfield attempted to corroborate defendant's confession by relying on what "somebody" had told her. The approach taken by defense counsel served to develop circumstances to discredit or undermine the strength of Detective Redfield's testimony. Consistent with that approach, defense counsel chose not to elicit the substance of Redfield's conversation with "somebody."

Before the State could elicit from Detective Redfield the substance of what was told to her in an effort to corroborate defendant's confession, the State was required to provide the proper foundation for admitting the substance of the conversation in evidence. Redirect examination by the State consisted in total of the following:

"THE STATE: What those persons from IDOC told you was that he was—

DEFENSE COUNSEL: Objection. Hearsay.

THE COURT: Overruled.

DEFENSE COUNSEL: If I may.

THE STATE: That he had been living at 6040 South Harper, number 909 for some time. Isn't that true?

DETECTIVE REDFIELD: Yes.

THE STATE: Nothing further."

The trial judge specifically indicated, following this redirect examination by the State, that he was relying on this testimony to corroborate the defendant's confession. The State contends in its brief that this testimony "is sufficient to provide the corroboration required to satisfy the *corpus delicti* rule." The testimony was not properly admitted in evidence for purposes of corroborating defendant's confession. The testimony lacked proper foundation. The record fails to reflect the basic foundation prerequisites for admitting in evidence the content of a conversation. *Caffey*, 205 Ill. 2d at 94-95. The record fails to demonstrate where and when the conversation occurred, who was present, who was speaking to Detective Redfield and, if by telephone, how Detective Redfield recognized the voice on the telephone. We note that a telephone conversation may not be shown to be relevant unless the person speaking is identified. M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 901.1, at 904 (7th ed. 1999). Without

proper foundation the testimony lacked any corroborative value. Without proper foundation the content of the conversation was not admissible in evidence. The trial court's reliance on the incompetent evidence was error.

For the reasons previously discussed, the trial court abused its discretion in admitting the conversation in evidence and relying on the content of the conversation to corroborate defendant's confession. The content of the conversation was not properly admitted in evidence because the foundation that was a prerequisite for admitting the content of the conversation was not established. We hold defendant's confession or admissions against interest were not corroborated by independent evidence that was competent or admissible. Therefore, the independent evidence relied upon by the State to corroborate the defendant's confession does not satisfy the *corpus delicti* rule.

## III. SUFFICIENCY OF EVIDENCE—COUNT I

■ The State contends that the corroboration component of the *corpus delicti* rule violates the standard of review to be employed in resolving challenges to the sufficiency of the evidence. As previously noted, in asking us to reject application of the *corpus delicti* rule, the State, relying on *People v. Schott*, 145 Ill. 2d 188 (1991), contends that the proper standard of review to be employed in a challenge to the sufficiency of the evidence is whether, when considering all of the evidence in the light most favorable to the State, a rational fact finder could have found all of the elements of the offense proved beyond a reasonable doubt. We do not disagree with the fact that the *Schott* case properly articulates the standard of review to be employed in a challenge to the sufficiency of the evidence. See *Jackson v. Virginia*, 443 U.S. 307, 318-19, 61 L. Ed. 2d 560, 573-74, 99 S. Ct. 2781, 2788-89 (1979). We are mindful that it is not the function of this court to retry a defendant when presented with a challenge to the sufficiency of the evidence. *People v. Collins*, 106 Ill. 2d 237, 261 (1985). A criminal conviction will not be set aside unless the evidence when viewed in the light most favorable to the State is so "unsatisfactory, improbable or implausible" that it creates a reasonable doubt of the defendant's guilt. *People v. Slim*, 127 Ill. 2d 302, 307 (1989).

The record indicates, applying that standard of review, that the evidence, when viewed in the light most favorable to the State, was not sufficient to prove defendant failed to notify the police of his change in residence address within 10 days. Testimony at trial established that on August 2, 2000, defendant reported that he lived at 1939 West 59th Street. When defendant was arrested on April 11, 2001, he stated that he had been living at 6040 South Harper for more

than one month. Detective Redfield contacted the probation unit and was told that defendant "had been living at 6040 South Harper, number 909 for some time." The trial court specifically found the testimony from Detective Redfield regarding her phone conversation with "persons" from the probation unit corroborated defendant's confession. For the reasons previously discussed, that testimony was not properly admitted in evidence. It was error for the trial court to rely on the content of the incompetent evidence substantively for purposes of corroboration.

The only competent evidence of the fact that defendant failed to notify the police of his change in address within 10 days is his statement to the detective "that he was currently living at 6040 South Harper, apartment 909 and he had been staying there over a month." Regarding the defendant's challenge to the sufficiency of the evidence, the issue is whether that evidence provided by defendant's statement to the detective is sufficient to sustain defendant's conviction under count I for violating the Sex Offender Registration Act (730 ILCS 150/6 (West 2000)).

As previously noted, defendant's change in resident address and the amount of time he resided at the new address are elements of the crime of violating section 6 of the Sex Offender Registration Act. The State is required to prove each element of the alleged violation of the Act beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 316, 61 L. Ed. 2d 560, 571, 99 S. Ct. 2781, 2787 (1979). Without corroboration, defendant's statement was insufficient evidence to prove defendant guilty beyond a reasonable doubt. *Cloutier*, 156 Ill. 2d at 503. The State argues that application of the corroboration component of the *corpus delicti* rule is inconsistent with the standard of review to be employed in reasonable doubt claims. However, the State correctly recognizes in its brief that a "conviction based upon a statement alone, with no corroborating evidence, would not pass the rational factfinder test." Recognition by the State of that fundamental legal principle regarding challenges to the sufficiency of the evidence is inherently inconsistent with the State's earlier argument that the corroboration component of the *corpus delicti* rule violates the standard of review to be employed in resolving such challenges. We find no inconsistency between application of the corroboration component of the *corpus delicti* rule and application of the rational fact finder test based on reasonable doubt, which is the standard of review after a criminal conviction. In the context of a challenge to the sufficiency of the evidence, it is the defendant's statements, together with the corroborating evidence taken as a whole, that are required to pass the rational fact finder test. *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789 (1979).

As recognized by the United States Supreme Court in *Jackson v. Virginia*:

> "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *** Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution." (Emphasis in original.) *Jackson v. Virginia*, 443 U.S. at 319, 61 L. Ed. 2d at 573, 99 S. Ct. at 2789.

■ Keeping these principles in mind, we conclude upon reviewing all of the competent admissible evidence in the light most favorable to the prosecution that there is insufficient evidence to support the defendant's conviction under count I for violating the Sex Offender Registration Act. Here, defendant's confession or admissions were part of the proof of the *corpus delicti*. In a case where defendant's confession or admission is part of the proof of the *corpus delicti*, the State must also provide corroborating evidence independent of the defendant's confession or admission. *Cloutier*, 156 Ill. 2d at 503. The State failed to provide corroborating evidence independent of the defendant's incriminating statements allegedly made by the defendant regarding defendant's change in address and regarding the amount of time he resided at the new address, which were elements of the crime of violating the duty to register provision of the Act under count I. Therefore, defendant was not proved guilty of count I beyond a reasonable doubt because his conviction was based on an uncorroborated confession. In the context of this case, defendant's uncorroborated confession is insufficient evidence to sustain defendant's conviction for violating the Act under count I.

## IV. SUFFICIENCY OF EVIDENCE—COUNT II

■ Next, defendant contends under count II of the indictment that the State's evidence was insufficient to prove defendant failed to report to the police within one year of his registration as a sex offender in violation of section 6 of the Sex Offender Registration Act (730 ILCS 150/6 (West 2000)). Count II of the indictment charged the defendant with violation of the Sex Offender Registration Act in that he "having previously been convicted of aggravated criminal sexual assault under case number 95 CR 13498 in 1996 and, thus, required to register under the Sex Offender Registration Act, failed to report in person to the law enforcement agency with whom he last registered, to wit: the Chicago Police Department, one year from the date of such registration, and every year thereafter."

The State provided evidence that defendant reported his address on August 2, 2000, and that he was arrested on April 11, 2001. Officer Karadjias testified that defendant reported his address to the sex offender registration unit as 1939 West 59th Street on August 2, 2000. Officer Karadjias testified at trial on July 25, 2001. As of that date, defendant had not returned to register. However, July 25, 2001, was less than one year from the point in time when defendant last reported his address on August 2, 2000. Moreover, the State failed to provide evidence of defendant's original date of registration. The State concedes that it failed to prove the date of defendant's initial registration and that defendant's conviction under count II of the indictment for failure to report to the police within one year of his registration and every year thereafter as required by the Sex Offender Registration Act (730 ILCS 150/6 (West 2000)) should be reversed. We agree. Considering all of the evidence in the light most favorable to the State, a rational fact finder could not have found that one year had passed without defendant renewing his registration as a sex offender.

## V. CONCLUSION

To sustain a conviction the State must prove first that a crime occurred, *i.e.*, the *corpus delicti*, and second, that the crime was committed by the person charged. *Cloutier*, 156 Ill. 2d at 503. The State must provide corroborating evidence independent of the defendant's confession or admission against interest when the defendant's confession or admission is part of the proof of the *corpus delicti*. *Cloutier*, 156 Ill. 2d at 503.

Proof of defendant's change of residence address, as well as proof of residing at the new address in excess of 10 days without reporting the change of residence, are elements of the violation of section 6 of the Sex Offender Registration Act with which defendant is charged in count I. The State relied on defendant's confession or admission to prove those elements under count I. For the reasons previously discussed, the State failed to provide competent admissible corroborating evidence independent of defendant's confession or admission in order to prove those elements. Defendant's confession or admission without corroboration was insufficient to prove defendant guilty beyond a reasonable doubt. Accordingly, we reverse defendant's conviction and sentence under count I of the indictment for failing to notify the Chicago police department of a change in residence address within 10 days in violation of the Sex Offender Registration Act (730 ILCS 150/6 (West 2000)).

The State failed to prove the date of defendant's initial registration as a sex offender under the Act. The State failed to prove that

defendant did not report to the police within one year of his registration and every year thereafter as required by the Act. For the reasons previously discussed, we reverse defendant's conviction and sentence under count II of the indictment for failing to report to the Chicago police department as a sex offender one year from his initial registration and every year thereafter in violation of the Sex Offender Registration Act (730 ILCS 150/6 (West 2000)).

Reversed.

GALLAGHER, P.J., and O'BRIEN, J., concur.