# Illinois Official Reports

## Appellate Court

---

### *People v. James*, 2019 IL App (1st) 170594

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GERALD JAMES, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-17-0594 |
| Filed | March 19, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 16-CR-9028; the Hon. Charles P. Burns, Judge, presiding. |
| Judgment | Reversed. |
| Counsel on Appeal | James E. Chadd, Patricia Mysza, and Ross E. Allen, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Miles J. Keleher, and Christian E. Lopez, Assistant State's Attorneys, of counsel), for the People. |
| Panel | PRESIDING JUSTICE MASON delivered the judgment of the court, with opinion.<br>Justices Pucinski and Hyman concurred in the judgment and opinion. |

**OPINION**

¶ 1        Following a bench trial, defendant, Gerald James, was found guilty of violating section 3 of the Sex Offender Registration Act (SORA) (730 ILCS 150/3 (West 2016)) and sentenced to 42 months' imprisonment. James appeals, arguing that the State failed to present sufficient evidence to prove beyond a reasonable doubt that (1) he was required to register under SORA and (2) he established a new residence or temporary domicile in the city of Chicago, requiring registration. We agree with both contentions and, therefore, reverse the trial court's judgment.

¶ 2        James was charged by indictment with one count of violating section 3 of SORA (*id.*) in that he, "having been previously convicted of attempt aggravated criminal sexual assault under case number 95 CR 07377, knowingly failed to register, in person, with the Chicago Police Department within 3 days of establishing a residence or temporary domicile in the city of Chicago, Cook County, Illinois."

¶ 3        On May 12, 2016, Chicago police officer Christina Gonzalez received a dispatch to 4119 W. West End Avenue regarding a reported battery. Upon her arrival, Gonzalez spoke with the victim, and another witness inside the apartment building. While they were speaking, James approached the building and the victim identified him as the perpetrator. Gonzalez arrested James, and he was transported to the police station. When Gonzalez asked James for his address during processing, he gave the 4119 W. West End Avenue address. Gonzalez had not been to that address the day before James's arrest, and she did not return to that address after his arrest.

¶ 4        James had last registered as a sex offender in Illinois on August 21, 2012. The Chicago police had no record on James contacting the registration unit, filing an address, or receiving notification information during either April or May 2016. Although it is possible for law enforcement to determine whether an individual has registered in another state, there was no evidence that Chicago police attempted to do that in James's case.

¶ 5        Detective Edward McGovern was assigned to investigate James's alleged failure to register as a sex offender. He spoke to James and advised him of his *Miranda* rights, which James waived. James told McGovern that he had moved back to Chicago a month earlier, around April 12, 2016, and that he believed he was no longer required to register in Chicago. James also told McGovern that he had been living in Wisconsin. James indicated he came back to Chicago "to attempt to re-register or *** just to figure out what he needed to actually do" and that "he had called somebody on the phone and they had told him to 'go f*** off' when he asked about trying to comply with his registration." James did not provide a name of the person he spoke to on the phone or who he attempted to call. The State offered into evidence a certified copy of James's 1996 conviction for attempted aggravated criminal sexual assault (ACSA) (case No. 95 CR 07377-01), which showed that he was sentenced to 10 years' imprisonment on May 28, 1996.

¶ 6        After the State rested, James moved for a directed verdict, arguing that the State failed to prove that he had established a residence or temporary domicile in Chicago. The State pointed to James's statements that he lived in Chicago. The trial court denied the motion. James rested without presenting any evidence.

¶ 7        The trial court found James guilty of failing to register in violation of section 3 of SORA. The court found James's statement to Gonzalez as to his address and his statement to

McGovern that he recently moved to Chicago were both credible, and there was no evidence suggesting that he was registered elsewhere. James filed a motion for a new trial, challenging the sufficiency of the evidence to sustain his conviction. The trial court denied his motion, and after a hearing, sentenced him to 42 months' imprisonment.

¶ 8    Here James challenges the sufficiency of the evidence to sustain his conviction. James does not dispute that he was convicted of attempted ACSA in 1996 or that SORA required him to register for a period of 10 years following his release from prison on that conviction. Rather, James argues that the State failed to prove beyond a reasonable doubt that, as of May 12, 2016, he (1) was required to register and (2) had established a residence or temporary domicile in the city of Chicago.

¶ 9    When faced with a challenge to the sufficiency of the evidence, we must determine whether, "after viewing the evidence in [a] light most favorable to the State, any rational trier of fact could find all the elements of the crime proven beyond a reasonable doubt." *People v. White*, 2017 IL App (1st) 142358, ¶ 14. "All reasonable inferences from the evidence must be drawn in favor of the prosecution." *People v. Hardman*, 2017 IL 121453, ¶ 37. It is the fact finder's role "to determine the credibility of witnesses, to weigh their testimony, to resolve conflicts in the evidence, and to draw reasonable inferences from the evidence." *People v. Williams*, 193 Ill. 2d 306, 338 (2000). For that reason, upon review, we will not substitute our judgment for that of the fact finder. *People v. Simpson*, 2015 IL App (1st) 130303, ¶ 44. However, the deference given to the trier of fact's determinations is not without limits; the reviewing court may reverse a conviction where the evidence "is so unreasonable, improbable, or unsatisfactory that it justifies a reasonable doubt of defendant's guilt." *People v. Wheeler*, 226 Ill. 2d 92, 115 (2007).

¶ 10   In order to sustain James's conviction for failing to register within three days of establishing a residence or temporary domicile in the city of Chicago, the State was required to prove beyond a reasonable doubt that (1) James was subject to the reporting requirements under SORA, (2) he had established a residence or temporary domicile, and (3) he knowingly failed to register in person at the requisite reporting agency within three days. 730 ILCS 150/3 (West 2016).

¶ 11   We first address James's contention that the State failed to prove beyond a reasonable doubt that he was subject to the registration requirements under SORA. The purpose of SORA is "to assist law enforcement agencies in tracking the whereabouts of sex offenders and to provide the public information about where they are residing." *People v. Wlecke*, 2014 IL App (1st) 112467, ¶ 5. Pursuant to SORA, any person convicted of attempted aggravated criminal sexual assault is labeled as a sex offender. 730 ILCS 150/2(A)(1)(a), (B)(1) (West 2016). Because James was convicted of attempted ACSA in 1996, he is labeled as a "sex offender." See *id.* Further, James is also classified as a sexual predator due to the nature of his offense. *Id.* §§ 2(E)(1), (7).

¶ 12   Pursuant to SORA, a person convicted of attempted ACSA prior to July 1, 1999, is required to register for life as a sexual predator only if the person is convicted of a felony after July 1, 2011; otherwise, the person is required to register for 10 years following his release from prison. *Id.*

¶ 13   The statute illustrates how the initial registration period of 10 years can be extended or tolled. *Id.* § 7. An extension of the 10-year registration period is triggered if there is reconfinement due to a violation of parole or other circumstances that related to the original

conviction. *Id.* The 10-year registration period can also be extended if the offender violates SORA—*e.g.*, by failing to register—and a new 10-year period commences from the first date of registration following the violation. *Id.* Reconfinement due to an unrelated violation or conviction tolls the running of the initial 10-year period until final parole, discharge, or release. *Id.*

¶ 14    After viewing the evidence in the light most favorable to the prosecution, we find that the State failed to prove beyond a reasonable doubt that, as of May 12, 2016, James was subject to the reporting requirements of SORA. Here, the only evidence presented of James's criminal history as it relates to SORA was that he was convicted in 1996 of attempted ACSA and sentenced to 10 years' imprisonment. The State did not present any evidence as to when James was released from prison, which triggers the start of the initial 10-year registration period. The State likewise did not adduce evidence showing that James's registration period was either extended or tolled. Finally, the State did not present any evidence that James committed a felony after July 1, 2011, changing his status to lifetime registration. Without such evidence, the State's evidence is insufficient to prove that James was still required to register on May 12, 2016, nearly 20 years after his May 28, 1996, attempted ACSA conviction.

¶ 15    And such evidence was readily available to the State. James's presentence investigation report disclosed a number of convictions that would have extended his 10-year registration period or converted that period into a lifetime registration requirement. On March 21, 2003, James was convicted of failing to register under SORA and was sentenced to two years in prison. This conviction would have extended James's obligation to register for 10 years following his release. *Id.* On November 23, 2004, James was convicted of delivery of a controlled substance, a felony that would have subjected him to lifetime registration. *Id.* §§ 2(E)(7), 7. And on November 18, 2008, James was sentenced to (i) nine years in prison for aggravated battery of a peace officer and (ii) five years, to run concurrently, for disarming a peace officer. It was the State's obligation to introduce this evidence at James's trial to establish the requisite elements of the offense charged. See *People v. Jones*, 2017 IL App (1st) 143718, ¶¶ 21-22 (holding that the State cannot present additional evidence on appeal to prove that defendant still had a duty to register under SORA). The State asks us to take judicial notice of the Department of Corrections' records, but that does not change the fact that this information was not properly presented as evidence at trial. The issue here is not what the State could have proved at trial but what the State actually did prove at trial. *Id.* ¶ 21.

¶ 16    The State also asserts that the trier of fact could reasonably infer from James's statements to law enforcement that he was still under a duty to register as a sex offender. However, none of the statements contained in the record unequivocally proves that James was still required to register. Although James told McGovern that he came back to Chicago to "figure out his status with registration" and that he had attempted to register over the phone, neither of these statements proves that he was actually required to register. Accordingly, the evidence presented was insufficient to sustain James's conviction for failing to register because the State failed to prove beyond a reasonable doubt that, as of May 12, 2016, James was still required to register.

¶ 17    The State's failure to establish that, on that date of his arrest, James was still required to register under SORA requires reversal of his conviction. "The State is required to prove each element of the alleged violation of [SORA] beyond a reasonable doubt." *People v. Harris*, 333 Ill. App. 3d 741, 752 (2002).

¶ 18   Although we could refrain from addressing James's additional contention of error, we do so because, as our supreme court has noted, SORA "leaves something to be desired, in terms of clarity and consistency" as it pertains to an offender's place of residence (*People v. Pearse*, 2017 IL 121072, ¶ 39), and these issues tend to recur in prosecutions for failure to register under SORA.

¶ 19   James argues that the State failed to prove that he had established a residence or temporary domicile in the city of Chicago. We agree.

¶ 20   Pursuant to section 3 of SORA, sex offenders or sexual predators are required to register with the Chicago Police Department within three days if they have established a residence or temporary domicile within the city. 730 ILCS 150/3(a), (b) (West 2016). SORA defines a residence or temporary domicile as "any and all places where the sex offender resides for an aggregate period of time of 3 or more days during any calendar year." *Id.* § 3(a). Additionally, because the statute includes specific language as to the entity with which an offender must register depending on where his residence or temporary domicile is located, it is clear that the location of an offender's residence is a critical element in the offense of violating section 3 of SORA. *Id.*; *People v. Gomez*, 2017 IL App (1st) 142950, ¶¶ 28-30.

¶ 21   The State's evidence failed to prove beyond a reasonable doubt that James had established a residence or temporary domicile in the city of Chicago. The only evidence that the State presented to prove that James had established a residence is that (i) he gave Gonzalez the address where he was arrested as his address and (ii) he told McGovern that he moved back to Chicago a month earlier. Neither of these statements, considered separately or together, specifically demonstrate that James had spent an aggregate of three days at the address given, which is what the statutory language requires in order for a violation to have occurred. *Gomez*, 2017 IL App (1st) 142950, ¶ 28 ("[A] specific location is contemplated by the statute."). It is clear from the testimony presented at trial that law enforcement conducted no investigation to confirm his address or, if he did in fact live there, the amount of time he had resided there. *Id.* ¶ 30 (concluding that proof of residence is an "essential element" of the offense of failing to register pursuant to SORA).

¶ 22   Again, the State asserts that the trier of fact could reasonably infer from James's responses to Gonzalez and McGovern that he had lived at that address for at least three days. We disagree, and "we will not fill in the gaps in the State's evidence with conjecture." *Id.* ¶ 24. Even if James's uncorroborated statement of his address to Gonzalez was "credible," there is no basis to infer how long he had resided there. Moreover, his statement to McGovern does not prove that he had been at that address for the entirety of the previous month. The State failed to meet its "affirmative obligation to investigate the charge." *People v. Robinson*, 2013 IL App (2d) 120087, ¶ 21. As a result, the evidence presented was insufficient to prove that James had established a residence or temporary domicile as defined under SORA.

¶ 23   Because there was insufficient proof of essential elements of the offense, no reasonable fact finder could have found James guilty of failure to register under section 3 of SORA. In light of our conclusion, we need not address James's challenge to the fines and fees assessed by the trial court.

¶ 24   Reversed.