2020 IL App (1st) 180616-U

No. 1-18-0616

Order filed February 13, 2020

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 15 CR 3691 |
| | ) | |
| LAURENCE STEPNEY, | ) | Honorable |
| | ) | Neera Walsh, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE GORDON delivered the judgment of the court.
Justices Lampkin and Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The State failed to prove beyond a reasonable doubt that defendant violated section 3 of the Sex Offender Registration Act where the evidence was insufficient to show he (1) had a duty to register and (2) established a residence or temporary domicile within Chicago.

¶ 2    Following a bench trial, defendant Laurence Stepney was convicted of violating section 3

of the Sex Offender Registration Act (SORA) (730 ILCS 150/3(a)(1) (West 2014)) and sentenced

to eight years' imprisonment. On appeal, he contends that the evidence was insufficient to show

he was required to register under SORA or that he established a residence or temporary domicile in Chicago for at least three days. For the following reasons, we reverse.

¶ 3     Defendant was charged by way of indictment with one count of violating section 3(a)(1) of SORA in that on or about February 2, 2015, and continuing on through February 11, 2015, he, "having been previously convicted of aggravated criminal sexual assault under case number 95 CR 885801, knowingly failed to report, in person, with the Chicago Police Department within 3 days of establishing a residence or temporary domicile in the city of Chicago." The indictment further specified that the State would seek to sentence defendant "as a Class 2 offender in that he was previously convicted of failure to register as a sex offender under case number 10 CR 08229901."

¶ 4     At trial, Aneta Bowie, the former property manager for Villa Capital Management (Villa) in Chicago from September 2009 through April 2015, testified that in July 2014, Villa took receivership of a property located on the 7600 block of South Evans Avenue (Evans property). Bowie was assigned to manage the Evans property. As property manager, she let the existing residents know that Villa was the receiver of the property and would collect rent and make necessary repairs. Bowie visited the Evans property on July 16, 2014, to gain access and make contact with the residents. She also "would have given" notice of the receivership to any tenant who was home or allowed her access. For tenants who were not home, Bowie "would have" left notice on their door, the common door, and on the doors of any unit dwellings in the property. The notice requested that the tenants register their tenancy with Bowie's office. No one registered as a tenant of the basement "to her recollection." Bowie did not know defendant.

¶ 5    Bowie described the Evans property as a two-story building with four entrances and units on the first and second floors. There were no units in the basement, which was used for storage or "areas for building mechanicals." Although the basement was vacant in July 2014, Bowie acknowledged there were personal belongings within it. She changed the locks on the common areas of the Evans property and secured the basement door. In January or February 2015, that door was "no longer secured." As a result, Bowie boarded it with plywood and nailed it shut.

¶ 6    Chicago police detective Germaine Dubose testified she was assigned to investigate defendant's "failure to register" case in January 2015. Dubose "ran" defendant's name to determine if he was incarcerated and called a phone number she obtained from a sex offender registration card to reach defendant on February 1, 2015. She spoke to a person who identified himself as defendant and stated that he had been illegally locked out of his apartment. Dubose advised him to find another place to live and instructed him to register.

¶ 7    On February 5, 2015, Dubose went to the Evans property, which was the address listed on the "hard card." The hard card indicated that defendant lived in the basement unit; however, Dubose did not go into the basement unit because it had been boarded shut with plywood and nails. Debose also knocked on the doors of other units in an effort to speak with someone to determine whether they knew defendant. She observed curtains and newspapers in the first-floor unit's windows. She then issued an investigative alert on February 9, 2015. On February 12, 2015, defendant was arrested based on the alert.

¶ 8    Chicago police detective Mark J. Wiedenski testified he was a registering official for the criminal registration unit in January 2015. On January 20, 2015, Wiedenski registered defendant, whom he identified in court. As part of the registration process, Wiedenski asked for defendant's

identification and whether he had changes to make to his registration form. Defendant's identification showed that he lived at the Evans property in the basement apartment. Defendant did not make any changes and signed the registration form or "hard card," showing the Evans property as his address. Wiedenski also went through the "the requirements that defendant had to register, given different circumstances." Defendant initialed each requirement and indicated he understood them. One such requirement was that defendant had to personally register with the law enforcement agency with whom he last registered within three days of changing his address. Wiedenski identified a copy of the Illinois SORA registration form or "hard card" that he completed with defendant.

¶ 9 Wiedenski identified copies of criminal registration logs from January and February 2015 kept by his office. The logs reflected that defendant registered on January 20, 2015, but did not register again on or before February 11, 2015.

¶ 10 The State introduced a certified copy of defendant's conviction in case number 95 CR 0885801, showing he was convicted of aggravated criminal sexual assault and sentenced to 18 years' imprisonment in May 1996.

¶ 11 Defendant testified that he was previously convicted of a sex offense and required to register. He acknowledged that he lived in the basement of the Evans property when it went into receivership in July 2014. Defendant continued to live in the basement after it went into receivership but did not pay rent. During that time, defendant worked at a "shoe service" at Whole Foods and would leave the Evans property "about 5:30 or 6" to work out at a gym. He would come back "about 11:30 or 12:30" during the week. His schedule was "a little different" on the weekends. Although he acknowledged that he was not in the Evans property for most of the day,

he "absolutely" slept there. The basement unit had a shower, and defendant kept two queen-sized beds and his own furniture there. Defendant never moved out of the Evans property and therefore never changed his registration.

¶ 12    During defendant's testimony, defense counsel indicated he would stipulate to "any other convictions." In response, the assistant State's Attorney stated, "Your Honor, the prior sex offender [*sic*] was already admitted in the [S]tate's case. *** [T]he defendant does have a prior failure to register where he served two years in the Illinois Department of Corrections in 2010."

¶ 13    On cross-examination, defendant acknowledged that the locks had been changed on the front and side doors of the basement. However, the building had five outside entrances to the basement, and he had access to and used the other three entrances to the lower level of the building. Defendant had a lease for the basement with the original owner before the Evans property went into receivership. His lease never ended, and he never had contact with anyone from Villa. Although other tenants of the building had access to their storage units in the basement, defendant denied that they had access to the areas where his furniture was located. He believed he paid rent in August 2014 to the prior owner of the building but stopped paying rent after the building went into receivership. The basement unit had a shower and sink but did not have a toilet.

¶ 14    On redirect, defendant testified that he used a key to enter the building that he received prior to the receivership. He had a written, open-ended lease for the unit because he was required to show that he had control of the property in order to register as a sex offender. He was also required to show proof of address, proof of residency, and a photo identification.

¶ 15    The court found defendant guilty of violating SORA. In finding him guilty, the court noted defendant had no lease, did not show that he had the right to be at the property, and "conveniently

makes himself a squatter." It further stated defendant could not have lived at the Evans property if he had been locked out.

¶ 16 The court denied defendant's motion for a new trial, noting that it did not find defendant's testimony credible. The court sentenced defendant to eight years' imprisonment as a Class X offender based on his background.

¶ 17 On appeal, defendant argues that the State failed to prove beyond a reasonable doubt that (1) he had a duty to register under SORA and (2) he established a new residence or temporary domicile in the city of Chicago.[1]

¶ 18 On a challenge to the sufficiency of the evidence, we inquire " 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis omitted.) *People v. Davison,* 233 Ill. 2d 30, 43 (2009) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In so doing, we draw all reasonable inferences in favor of the State (*Davison*, 233 Ill. 2d at 43), and we do not retry the defendant (*People v. Collins*, 106 Ill. 2d 237, 261 (1985)). The State must prove each element of an offense beyond a reasonable doubt. *People v. Siguenza-Brito*, 235 Ill. 2d 213, 224 (2009). We will not overturn a criminal conviction "unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt." *People v. Givens,* 237 Ill. 2d 311, 334 (2010).

¶ 19 To sustain defendant's conviction for failing to register within three days of establishing a residence or temporary domicile in the city of Chicago as charged, the State was required to prove

---

[1] Defendant also has a pending appeal in case number 1-19-2574, apparently stemming from the trial court's October 24, 2018, denial of his petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2018)) relating to case number 15 CR 3691.

that (1) defendant was subject to SORA's reporting requirements, (2) he had established a residence or temporary domicile, and (3) he knowingly failed to register in person at the requisite reporting agency within three days of establishing a residence or temporary domicile. 730 ILCS 150/3(a)(1), (b) (West 2014); *People v. James*, 2019 IL App (1st) 170594, ¶ 11.

¶ 20     We turn first to defendant's contention that the evidence was insufficient to show he was subject to the SORA registration requirements.

¶ 21     SORA was designed to assist law enforcement in tracking the whereabouts of sex offenders and provide the public with information about where they reside. *James*, 2019 IL App (1st) 170594, ¶ 11. Under SORA, a person convicted of aggravated criminal sexual assault is classified as a sex offender, a sexual predator, or both. 730 ILCS 150/2(A)(1)(a), (B)(1), (E)(1), (E)(7) (West 2014); *James*, 2019 IL App (1st) 170594, ¶ 10.

¶ 22     Under SORA, a person convicted of aggravated criminal sexual assault prior to July 1, 1999, must register for life as a sexual predator only if the person is convicted of a felony after July 1, 2011; otherwise, the person is required to register for 10 years following his release from prison. 730 ILCS 150/7 (West 2014); see *James*, 2019 IL App (1st) 170594, ¶ 12. However, the 10-year registration can be extended or tolled. 730 ILCS 150/7 (West 2014). "An extension of the 10-year registration period is triggered if there is reconfinement due to a violation of parole or other circumstances that related to the original conviction." *James*, 2019 IL App (1st) 170594, ¶ 13. Additionally, the 10-year registration period may be extended if the offender violates SORA— by failing to register, for example—and a new 10-year period begins from the first registration date after the violation. *James*, 2019 IL App (1st) 170594, ¶ 13. "Reconfinement due to an

unrelated violation or conviction tolls the running of the initial 10-year period until final parole, discharge, or release." *James*, 2019 IL App (1st) 170594, ¶ 13.

¶ 23 Here, after viewing the evidence in the light most favorable to the State, we find the evidence insufficient to prove that defendant was subject to SORA's reporting requirements between February 2 and February 11, 2015. The State presented evidence that defendant was convicted of aggravated criminal sexual assault in 1996 and sentenced to 18 years' imprisonment. However, there was no evidence to show when defendant was released from prison, which would have triggered the start of the initial 10-year registration period. Nor did the State present evidence that defendant's registration period was extended or tolled. While the parties stipulated that defendant was convicted of failing to register in 2010, the State failed to present evidence showing defendant was still required to register in February 2015, or that he had a conviction after July 1, 2011, which would have required him to register for life. Given the absence of evidence regarding defendant's criminal history, we find the State failed to prove the duty to register element of defendant's conviction beyond a reasonable doubt. His conviction, therefore, must be reversed. See *James*, 2019 IL App (1st) 170594, ¶ 17 (" 'The State is required to prove each element of the alleged violation of [SORA] beyond a reasonable doubt.' " (quoting *People v. Harris*, 333 Ill. App. 3d 741, 752 (2002))).

¶ 24 Defendant additionally contends that the State failed to prove he established a new residence or temporary domicile in Chicago, which would have triggered his duty to report. We address this contention because, "as our supreme court has noted, SORA 'leaves something to be desired, in terms of clarity and consistency' as it pertains to an offender's place of residence

(*People v. Pearse*, 2017 IL 121072, ¶ 39), and these issues tend to recur in prosecutions for failure to register under SORA." *James*, 2019 IL App (1st) 170594, ¶ 18.

¶ 25    Under section 3 of SORA, sex offenders and sexual predators have a duty to register with the Chicago police department within three days if they have established a residence or temporary domicile within the city. 730 ILCS 150/3(a), (b) (West 2014). A residence or temporary domicile is defined as "any and all places where the sex offender resides for an aggregate period of time of 3 or more days during any calendar year." 730 ILCS 150/3(a) (West 2014). We have previously found that the location of an offender's residence is a critical element of the offense of violating section 3 of SORA because the statute "includes specific language as to the entity with which an offender must register depending on where his residence or temporary domicile is located." *James*, 2019 IL App (1st) 170594, ¶ 20 (citing *People v. Gomez*, 2017 IL App (1st) 142950, ¶¶ 28-30).

¶ 26    In this case, the evidence was insufficient to prove that defendant had established a new residence or temporary domicile within Chicago. The State's evidence arguably showed that defendant no longer lived at the Evans property, given the testimony that he did not register as a tenant with Villa, he told Detective Dubose that he had been locked out of his apartment, and one of the basement doors had been boarded shut. However, the State presented no evidence regarding where defendant had actually resided during the relevant February 2015 time period, much less that he resided somewhere other than the Evans property for an aggregate period of three or more days. Accordingly, the State failed to prove the proof of residence or domicile element of the offense. See *Gomez*, 2017 IL App (1st) 142950, ¶ 28 (noting that "a specific location is contemplated by the statute"); see also *James*, 2019 IL App (1st) 170594, ¶ 21.

¶ 27    Because the State failed to prove defendant had a duty to register under SORA and established a residence or temporary domicile within Chicago, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

¶ 28    For the foregoing reasons, we reverse the judgment of the circuit court of Cook County and order that defendant be released from the custody of the Illinois Department of Corrections.

¶ 29    Reversed.